# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDERICK DALTON, | Civil Action No. 17-6025-BRM |
| Petitioner, | |
| v. | **MEMORANDUM ORDER** |
| STEVEN JOHNSON, et al, | |
| Respondents. | |

**THIS MATTER** is opened to the Court upon the filing of Petitioner Frederick Dalton's ("Petitioner") amended petition for a writ of habeas corpus. (ECF No. 3.) For the reasons set forth below, Plaintiff's habeas petition shall be **ADMINISTRATIVELY TERMINATED** as Petitioner has neither paid the appropriate filing fee nor filed a complete application to proceed *in forma pauperis* sufficient to enable him to proceed without prepayment of that fee.

Petitioner filed his initial petition on or about August 11, 2017, and set forth his intention to pay the applicable filing fee. (ECF No. 1.) Nevertheless, Petitioner neither paid the fee nor filed an application to proceed *in forma pauperis*. On November 7, 2017, this Court entered an order administratively terminating this matter because Petitioner failed to use the appropriate form as required by the local civil rules, and because Petitioner failed to pay the applicable filing fee. (ECF No. 2.) On December 6, 2017, Petitioner refiled his petition on the required form. (ECF No. 3.) While Petitioner states in his amended petition "theFive [sic] Dollar . . . filing fee has been paid," the Court is not in receipt of the fee. (ECF No. 3 at 1.)

Pursuant to Local Civil Rule 54.3(a), a Petitioner may not proceed in this Court until he has paid the appropriate filing fee, which, for petitions for a writ of habeas corpus, is $5.00. Although Petitioner set forth his intention to pay the filing fee and subsequently claimed to have

1

already paid the fee, this Court has yet to receive either the $5.00 fee or an application to proceed *in forma pauperis* sufficient under Local Civil Rule 81.2(b) to permit him to proceed without prepaying the filing fee. Therefore, this matter must be administratively terminated once again until such time as Petitioner pays the fee. Accordingly,

**IT IS** on this 11th day of December 2017,

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint or assessing a filing fee; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dept.*, 413 F. App'x 498, 502 (3rd Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs . . . ."); and it is further

**ORDERED** that the Clerk of the Court shall forward Petitioner a blank form Application to Proceed *In Forma Pauperis* in a Habeas Corpus Case, for use by a prisoner; and it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either a complete, signed *in forma pauperis* application or the $5 filing fee; and it is further

**ORDERED** that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, accompanied by either a complete *in forma pauperis* application or the filing fee, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

                                              */s/ Brian R. Martinotti*
                                              **HON. BRIAN R. MARTINOTTI**
                                              **UNITED STATES DISTRICT JUDGE**